RAWLS, Judge
(specially concurring).
I concur. However, although neither party has raised any procedural point, I feel *100 compelled to comment upon this aspect of the cause. In State v. Lott, supra, the Florida Supreme Court entertained a direct appeal from an order of a circuit court which held the subject rule unconstitutional. Although the opinion of the Supreme Court in Lott did not apprise the reader upon what jurisdictional ground that court entertained the appeal, I must assume it was by “inherent authority”. Article V, Section 3(b)(1), Florida Constitution (1972), provides:
“(b) JURISDICTION. — The supreme court:
(1) Shall hear appeals . . . from orders of trial courts . . . initially and directly passing on the validity of a state statute or a federal statute or treaty, or construing a provision of the state or federal constitutions.”
It is elementary that a rule is not a state statute or a federal statute or treaty.
The real gist of the Supreme Court’s opinion in Lott is that a trial court is not empowered to “nullify” a rule promulgated by the Supreme Court. Since the Supreme Court is not a court of original trial jurisdiction, the query immediately comes to mind of how can the constitutional validity of a rule be challenged? On the other hand, if a trial court is empowered with the authority to construe a rule promulgated by the Supreme Court to be unconstitutional, and if review of same is confined to the constitutional jurisdictional perimeters as prescribed in Article Y, appellate review of a trial court’s order would be lodged in the appropriate district court of appeal. The journey’s end of the last procedural route would be to vest in such district court of appeal final jurisdiction to construe the constitutionality of a rule promulgated by the Supreme Court, or in their verbiage to nullify such rule. Such a result would be untenable. “Catch 22” might well be the name of this procedural nightmare.
Here, the trial court, contrary to the dictates of Lott, did entertain and pass upon the constitutional application of Fla.R. Crim.P. 3.191. The parties did not question the propriety of the circuit court to entertain the instant question, so I am not inclined to further pursue this apparent procedural quagmire.